UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

---

MATTHEW O'LAUGHLIN, on his own
behalf and on behalf of other similarly
situated persons,

       Plaintiffs,

V

PASSPORT USA, INC., a Michigan
Corporation,

       Defendant.

**CLASS ACTION**

Case No.

**PLAINTIFF'S COMPLAINT
AND JURY DEMAND**

---

Scott W. Kraemer (P69822)
Kuiper Orlebeke PC
Attorneys for Plaintiffs
180 Monroe NW, Suite 400
Grand Rapids, MI  49503
(616) 454-3700

---

MATTHEW O'LAUGHLIN ("Representative Plaintiff"), on his own behalf and on

behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their

counsel, bring the following Complaint against Defendant PASSPORT USA, INC. to obtain

from it all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under state and federal law and equity.

## I. JURISDICTION AND VENUE

1.      This action asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Accordingly, this Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over Defendant because its principal place of business is within Michigan and this District.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District for purposes of the venue statutes since it is subject to personal jurisdiction here, and pursuant to 28 U.S.C. § 1400(a).

## II. PARTIES

4.      Representative Plaintiff is an individual domiciled and residing in Detroit, Michigan, and Wayne County, Michigan.

5.      Defendant identifies itself as an organization organized and operating under the laws of the State of Michigan.

## III. FACTUAL ALLEGATIONS

6.      Defendant is in the business of franchising Passport Pizza 'n' Ribs ("Passport Pizza") restaurants.

7.      To assist its company, and its franchisees, Defendant caused and otherwise assisted with a marketing campaign that relied upon the transmission of unsolicited text messages to advertise Passport Pizzas to cellular telephone subscribers in Michigan State.

8.      Mr. O'Laughlin maintains cellular service with a common cellular telephone provider and maintains a cellular telephone number and has done so for a period of time, including all times relevant to this complaint.

1

9.      Consumers like Mr. O'Laughlin have no effective means to avoid the receipt of unsolicited text messages. Receipt of each such text message invariably causes consumers to lose some of the finite storage capacity of the cellular telephones until they examine the text message, review it sufficiently to determine that it is not an invited text message, and then take affirmative steps to delete such unsolicited text messages.

10.     Mr. O'Laughlin did not provide this cellular telephone number to Defendant or its agents for the purpose of receiving marketing messages via text message or any other telephonic communication.  Nor did Mr. O'Laughlin provide authorization or consent to Defendant or its agents to send him a text message or to store his personal contact information for purposes of marketing Passport Pizza restaurants.

11.     On or about October 20, 2012, Defendant and/or its agents initiated or otherwise assisted in the transmission of an unsolicited text message to Mr. O'Laughlin in Michigan State through his cellular telephone number, and Mr. O'Laughlin received this text message. The unsolicited text message stated:

> *Passport Pizza:*
> *CONGRATS TIGERS! Sat*
> *& Sun (Oct 2&21)*
> *Medium Pepperoni Pizzas*
> *are just $4.99! Pickup at*
> *Detroit location Only*
> *Reply STOP to Opt Out*
> *Exp: 10/12*

12.     On or about October 20, 2012, Defendant and/or its agents initiated or otherwise assisted in the transmission of an unsolicited text message to Mr. O'Laughlin in Michigan State through his cellular telephone number, and Mr. O'Laughlin received this text message. The unsolicited text message stated:

2

*Passport Pizza: HAPPY*
*Sweetest day! Send your LOVE a Heart shaped*
*pizza only $6.99 exp: 10/20*

13.     On or about October 23, 2012, Defendant and/or its agents initiated or

otherwise assisted in the transmission of an unsolicited text message to Mr. O'Laughlin in

Michigan State through his cellular telephone number, and Mr. O'Laughlin received this text

message. The unsolicited text message stated:

*Passport Pizza: Halloween*
*party time 12" –pepperoni*
*pizzas $5.00 no limit*
*exp: 10/31*

14.     On or about November 7, 2012, Defendant and/or its agents initiated or

otherwise assisted in the transmission of an unsolicited text message to Mr. O'Laughlin in

Michigan State through his cellular telephone number, and Mr. O'Laughlin received this text

message. The unsolicited text message stated:

*Passport Pizza: Crazy 8's/!*
*8 big corner pieces $8.88*
*1 topping of your choice.*
*Italian or Signature Sicilian*
*deep dish*

*to opt out just type*
*"STOP" exp:11/13*

15.     On or about November 14, 2012, Defendant and/or its agents initiated or

otherwise assisted in the transmission of an unsolicited text message to Mr. O'Laughlin in

Michigan State through his cellular telephone number, and Mr. O'Laughlin received this text

message. The unsolicited text message stated:

*Passport Pizza: $5.99*
*Large 2 topping, Hand*
*Tossed, Thin Crust, Italian*
*or Our Signature Sicilian*
*Deep Dish.*
*Pickup only*
*Premium Items additional*
*exp:11/19*

16.     The unsolicited text messages sent to Mr. O'Laughlin's cellular telephone were commercial solicitations attempting to get him to patronize a Passport Pizza restaurant.  Mr. O'Laughlin received these text messages.  Defendant sent the unsolicited text messages by means of an automated telephone dialing system ("ATDS"). Defendant could not have engaged in their text message marketing campaign without using an ATDS.

17.     Like other similarly situated persons, Mr. O'Laughlin was injured as a result of Defendant's actions above, in ways including, but not limited to: (a) Incurring cellular phone charges and/or reduction in cellular phone time or data capacity to receive the unsolicited text message from Defendant; (b) Invasion of privacy; (c) Aggravation and annoyance from having to retrieve or administer the unsolicited messages; and (d) Loss of use of the full capacities and capabilities, e.g., electronic storage space, of his cellular telephone.

18.     By the conduct detailed above, Defendant, directly and/or through its authorized agents, engaged in unlawful and otherwise wrongful marketing and advertising practices.  These practices have damaged Representative Plaintiff Mr. O'Laughlin and persons similarly situated. Defendant caused the transmission of unsolicited electronic commercial text messages to telephone numbers assigned to Representative Plaintiff and other residents of Michigan State for cellular or pager services equipped to receive such messages.

19.     Defendant's conduct above negatively affects the public interest. Defendant caused the unsolicited transmission of numerous SMS text messages to numerous consumers throughout the United States and its territories, including Michigan State.

## IV. CLASS ACTION ALLEGATIONS

20.     Representative Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons (the "National Class") entitled to remedies under federal law including, but not limited to, damages:

> All persons in the United States of America and its territories who were sent, to their cellular telephone numbers, at least one unsolicited text message by Defendant, or someone acting on behalf of a Defendant.

21.     Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

22.     Satisfying all requisite numerosity requirements, numerous consumers in Michigan State and numerous consumers through the United States and its territories are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

23.     There are questions of fact and law common to the class, which predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's conduct include, without limitation, the following:

a.     Whether Defendant negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the National Class?

b.     What are the statutory damages that the Defendant must pay for each of the unsolicited text messages that the Defendant caused to be sent to the Plaintiffs?

c.     Whether Defendant used an ATDS?

d.     Whether Defendant is vicariously or otherwise liable for their agents or assigns or other entities sending unsolicited text messages to Plaintiffs?

24.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

25.     Representative Plaintiff's claims are typical of those of the class in that he, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The SMS text message which Representative Plaintiff received is typical of the SMS text messages which were transmitted to other members of the class.

26.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted in a general manner to the damage of the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.  Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

27.     A primary factor in Plaintiffs bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendant cease and desist its unlawful and wrongful conduct.  A class action is the most efficient means to ensure that Defendant does not damage the class in the future.

28.     Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff.  Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

6

29.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.  It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

30.     If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendant for reasons altogether unrelated to the merits of their claims (*e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*).  Most Plaintiffs can obtain legal representation for their claims only through a class action.  The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by Defendant is to resolve the subject matter of this complaint through a class action.

### V. FIRST COUNT
### Violations of the Telephone Consumer Protection Act
*(Representative Plaintiff and the National Class vs. Defendant)*

31.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

32.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

33.     Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act.  Defendant directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited

commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

34.     Plaintiffs are entitled to recover $500 in damages from the Defendant for each violation of the Telephone Consumer Protection Act.

35.     Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

36.     The Defendant have continued its unlawful conduct and will continue such conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendant from engaging in such illegal conduct in the future.

## VI. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendant and pray this Court do the following:

A.     Issue a declaration which makes clear the illegality of Defendant's wrongful conduct.

B.     Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in their unlawful conduct, including without limitation their use of an ATDS to send unsolicited SMS text messages, the unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members, and the collection and storage of contact information belonging to individuals who are not customers of Defendant.

C.     Order Defendant to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the

8

unlawful practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500.00 per violation of 47 U.S.C. § 227.

      D.      Order Defendant to make Representative Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

      E.      Order Defendant to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

      F.      Order Defendant to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer Protection Act.

      G.      Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law, and/or as sounds in tort, contract, or equity.

      H.      Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

## VIII. JURY DEMAND

      Representative Plaintiff demands a jury trial on all issues so triable.


Dated: December 17, 2012                KUIPER ORLEBEKE PC


                        By:   /s/ Scott W. Kraemer
                              Scott W. Kraemer (P69822)
                              Attorney for Plaintiffs
                      BUSINESS ADDRESS:
                              180 Monroe NW, Suite 400
                              Grand Rapids, MI   49503
                              (616) 454-3700